IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

EASTMAN KODAK COMPANY,

                                        Plaintiff,                 **VERIFIED COMPLAINT**

      v.                                                Index No.:

THE JOHNSON GROUP LTD. d/b/a
MINILAB SUPPLY STORE,

                                       Defendant.

---

The Plaintiff, Eastman Kodak Company, by and through its attorneys, Lacy Katzen LLP, as and for its Complaint against the Defendant, The Johnson Group Ltd. d/b/a Minilab Supply Store ("Minilab" or "Defendant"), avers and prays as follows:

## THE PARTIES

1.      Eastman Kodak Company ("Plaintiff" or "Kodak"), is a corporation organized and existing under the laws of the State of New Jersey and maintains an office at 343 State Street, Rochester, New York.

2.      The Johnson Group Ltd. d/b/a Minilab Supply Store is a corporation organized and existing under the laws of Minnesota, with a principle office located in Plymouth, Minnesota.

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1332.

4.      Venue in this District in conferred by 28 U.S.C. § 1391(a)(b) and a mandatory New York jurisdiction, venue and choice of law provision set forth in the Kodak Distributor Agreement dated March 19, 2007 discussed in Paragraphs 6 and 7 below.

## JURY DEMAND

5.      Plaintiff demands a jury trial of all issues triable of right by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTUAL ALLEGATIONS

### A.  The Applicable Contract.

6.      Since 2000, Kodak has supplied Minilab with certain professional film, papers and chemical products (the "Products") pursuant to the Distribution Agreement which is attached hereto as Exhibit "A."

7.      Pursuant to this Agreement, Minilab agreed to purchase from Kodak certain Products. In return, Kodak agreed to provide Minilab with certain discounts or chargebacks.  Upon shipment of the product, Kodak required payment terms of 2%, net 30 DOI. (See, Exh. "A").

8.      Between March 2007 and April 2007, Kodak supplied Products to Minilab totaling $352,478.17.  Attached hereto as Exhibit "B" is a two- (2-) page spreadsheet evidencing all of the unpaid invoices which have yet to be paid by Minilab.

9.      None of these invoices have been paid to date despite Kodak's repeated demands for the same.

10.      By reason of the foregoing, Kodak has sustained damages in the amount of $352,478.17 for Minilab's nonpayment of Kodak goods.

11.      On April 20, 2007, Kodak terminated the AMW Contract for its failure to pay these outstanding obligations. Attached hereto as Exhibit "C" is a copy of Kodak's termination letter.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

12.     Plaintiff repeats and realleges every allegation in paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13.     Pursuant to the Agreements between Plaintiff and Defendant, the Defendant owes the Plaintiff $352,478.17.

14.     Plaintiff duly performed all conditions of its agreement with the Defendant.

15.     Defendant refuses to repay any of the debt owed to Plaintiff despite Plaintiff's demands for same.

16.     As a result of Defendant's breach, Plaintiff has been damaged in the amount of $352,478.17, plus interest and reasonable attorneys' fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF ORAL CONTRACT)

17.     Plaintiff repeats and realleges every allegation in paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18.     Pursuant to the oral agreement between the Plaintiff and the Defendant, the Defendant owes Plaintiff $352,478.17.

19.     Plaintiff duly performed all conditions of its agreement with the Defendant.

20.     Defendant refuses to repay any of the debt owed to Plaintiff despite Plaintiff's demands for the same.

21.     As a result of Defendant's breach, Plaintiff has been damaged in the amount of $352,478.17, plus interest and reasonable attorneys' fees and costs.

## AS AND FOR A THIRD CAUSE OF ACTION
### (UNJUST ENRICHMENT)

22.     Plaintiff repeats and realleges every allegation in paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.     Pursuant to the oral agreement between the Plaintiff and the Defendant, the Defendant owes Plaintiff $352,478.17.

24.     Defendant has failed to repay any of the debt owed to Plaintiff despite Plaintiff's demands for same.

25.     As a result of Defendant's breach, Defendant has been unjustly enriched in the amount of $352,478.17.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (ESTOPPEL)

26.     Plaintiff repeats and realleges every allegation in paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.     Defendant clearly and unambiguously promised Plaintiff that it would repay the entire amount of its invoiced goods to Plaintiff.

28.     Plaintiff reasonably relied to its detriment on Defendant's promise.

29.     Despite due demand, Defendant refused to repay the debt owed to Plaintiff.

30.     Defendant is estopped from denying its obligation to repay the debt owed to Plaintiff.

31.     As a result of Plaintiff's reasonable reliance on Defendant's promise, Plaintiff has been damaged in the amount of $352,478.17.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (ACCOUNT AND ACCOUNT STATED)

32.     Plaintiff repeats and realleges every allegation in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.     Plaintiff transacted business with Defendant and submitted invoices evidencing an account and seeking collection of all amounts due for Defendant's non-payment of invoices.

34.     The invoices and business records sent to Defendant listed the balanced owed for the shipped materials and showed the existence of an account.

35.     Pursuant to the invoices and course of dealings between Plaintiff and Defendant, the Defendant owes Plaintiff, $352,478.17.

36.     Defendant has failed to repay any of the debt owed to Plaintiff despite Plaintiff's demands for the same.

37.     As a result, Defendant owes Plaintiff the amount of $352,478.17 plus interest and reasonable attorneys' fees and costs.

## AS FOR THE SIXTH CAUSE OF ACTION (CONVERSION)

38.     Plaintiff repeats and realleges every allegation in paragraphs 1 through 35 of the Complaint as if fully set forth herein.

39.     The Products identified in the Agreements were property of Kodak.

40.     The property was wrongfully converted by the Defendant without Kodak's approval.

41.     As a result of the Defendant's conversion of the Property, Plaintiff has been damaged.

**WHEREFORE**, the Eastman Kodak Company demands judgment:

A.      Against the Defendant in the amount of $352,478.17;

B.      Interests, costs, disbursements, and reasonable attorneys' fees and costs; and,

C.      For such other and further relief as the Court deems just and proper.

Dated:   July 2, 2007                    LACY KATZEN LLP
         Rochester, New York

                                         s/Glenn M. Fjermedal
                                         Glenn M. Fjermedal, Esq.
                                         Attorneys for Plaintiff
                                         The Granite Building
                                         130 East Main Street
                                         Rochester, New York 14604-1686
                                         Telephone:  (585) 454-5650

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF MONROE ) SS:

CATHERINE PATA, being duly sworn, deposes and says:

1.     That I am Senior Credit Analyst and an Authorized Signer for Eastman Kodak Company, the Plaintiff herein.

2.     That I have read the foregoing Complaint and know the contents thereof.

3.     That the same is true to my own knowledge except as to matters therein stated to be alleged upon information and belief and that as to those matters I believe it to be true.

4.     This verification is made by deponent because the Plaintiff is a corporation.  The grounds of deponent's belief as to all the matters stated upon my knowledge are investigations which deponent has caused to be made concerning the subject matter of this Complaint and information acquired by deponent in the course of my duties as an employee of the said Plaintiff and from the books and papers of said corporation.

s/Catherine Pata

Catherine Pata

Sworn to before me this
2nd day of July, 2007.

s/Mario F. Cianfichi
Notary Public
Notary expires 4/30/2011

7